# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GLAUS, PYLE, SCHOMER, BURNS & DeHAVEN, INC., dba GPD GROUP, INC.** <br> 520 South Main Street, Suite 2531 <br> Akron, Ohio 44311 <br><br> *Plaintiff*, <br><br> vs. <br><br> **PUNCH BOWL CLEVELAND, LLC, dba PUNCH BOWL SOCIAL CLEVELAND** <br> c/o National Registered Agents, Inc., <br> Registered Statutory Agent <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> *Defendant*. | CASE NO. <br><br> JUDGE: <br><br><br><br><br><br><br> **COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT** |

Plaintiff, Glaus, Pyle, Schomer, Burns & DeHaven, Inc., dba GPD Group ("GPD Group"), by and through undersigned counsel, for its Complaint against Defendant, Punch Bowl Cleveland, LLC, dba Punch Bowl Social Cleveland, states as follows:

## THE PARTIES

1. Plaintiff, GPD Group, is an Ohio corporation with a principal place of business in Akron, Ohio.

2. Defendant, Punch Bowl Cleveland, LLC, dba Punch Bowl Social Cleveland ("Defendant"), is a Deleware limited liability corporation, with a place of business located at 1086 West 11th Street, Cleveland, Ohio 44113. Upon information and belief, none of Defendant's members are citizens of Ohio.

**JURISDICTION AND VENUE**

3. All previous statements and allegations are incorporated herein by reference as if fully rewritten herein.

4. Subject matter jurisdiction is proper pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1), because there is diversity of citizenship between GPD Group and Defendant and more than Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, is in controversy.

5. Personal jurisdiction and venue are proper because Defendant has a place of business located in the District and because the events, acts, and omissions giving rise to GPD Group's Complaint occurred in this District. 28 U.S.C. § 1391(b). Specifically, there is personal jurisdiction over Defendant in this Court because Defendant has sufficient minimum contacts with the State of Ohio including, but not limited to, its business dealings as the business owner of a restaurant and bar located at 1086 West 11th Street, Cleveland, Ohio 44113.

**COUNT I**
**BREACH OF CONTRACT**

6. All previous statements and allegations are incorporated herein by reference as if fully rewritten herein.

7. On or about February 13, 2020, GPD Group entered into a contract (the "Contract") with Defendant, whereby Defendant agreed to host GPD Group's Fifty-Fifth anniversary party at its Cleveland, Ohio, location on May 15, 2020 (the "Event"). A true and accurate copy of the parties' Contract is attached hereto as **Exhibit A**.

8. In accordance with the terms of the Contract, GPD Group paid Defendant deposits in the total amount of Eighty-Two Thousand and 00/100 Dollars ($82,000) (the "Deposit") to reserve the May 15, 2020, date and space for the Event.

9. The Contract includes a Force Majeure provision which provided in its pertinent part that:

> If, as a result of a Force Majeure Event, Punch Bowl Social is unable to perform its obligations under this Agreement, such non-performance is excused and Punch Bowl Social may terminate this Agreement without further liability of any nature, **upon full return of client's deposit**.

10. The Contract defined a "Force Majeure Event" as "[a]ny reason beyond Punch Bowl Social's or the Client's [as the case may be] reasonable control, including but not limited to strike; labor disputes; acts, regulations or orders of governmental authorities; civil disorder; disaster; acts of war; acts of God; fires; flood or other emergency conditions."

11. On or about March 20, 2020, Defendant informed GPD that due to the COVID-19 global pandemic it was temporarily closing its locations and would, therefore, be unable to host GPD Group's Event. A true and accurate copy of the Defendant's correspondence is attached hereto as **Exhibit B**.

12. Defendant informed GPD Group that, "If you are unable to host your event at a future date, we will refund your deposit." *See Id.*

13. On March 21, 2020, GPD Group requested that Defendant refund its Deposit. *See Id.*

14. On March 24, 2020, Defendant responded to GPD Group that it was "no problem" and that Defendant "[w]ould utilize the original form of payment for both transactions" in order to facilitate the return of GPD Group's Deposit. *See Id.*

15. GPD Group has satisfactorily performed its obligations and otherwise fully satisfied all conditions precedent under the Contract.

3

16. Despite the express terms and conditions of the parties' Contract and the representation that it would return GPD Group's Deposit, Defendant has refused and failed to return GPD Group's Deposit.

17. Defendant has failed to fulfill its contractual obligations as described herein without legal justification or excuse.

18. As a direct and proximate result of Defendant's material breach of the Contract, Defendant owes GPD Group the principal sum of Eighty-Two Thousand Dollars ($82,000.00), plus pre-judgment and post-judgment interest at the legal or contractual rate, costs, and reasonable attorneys' fees.

## COUNT II
## UNJUST ENRICHMENT

19. All previous statements and allegations are incorporated herein by reference as if fully rewritten herein.

20. GPD Group conferred a benefit upon Defendant by virtue of the Deposit paid to Defendant for services that have not, and will not be rendered.

21. Defendant had knowledge of the benefit conferred upon it by GPD Group.

22. The benefits conferred upon Defendant are at the expense of, and to the detriment of, GPD Group.

23. Defendant has been unjustly enriched by the benefit conferred upon it by GPD Group and has retained the benefit under circumstances where it is unjust to do so without payment.

24. As a direct and proximate result of Defendant's unjust enrichment, Defendant owes GPD Group the principal sum of Eighty-Two Thousand Dollars ($82,000.00), plus pre-judgment and post-judgment interest at the legal or contractual rate, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff, GPD Group, Inc., hereby demands judgment against Defendant, Punch Bowl Cleveland, LLC, dba Punch Bowl Social Cleveland, on Counts I and II, in the amount of Eighty-Two Thousand Dollars ($82,000.00), plus pre-judgment and post-judgment interest at the legal or contractual rate, costs, reasonable attorneys' fees, and any other relief that the Court deems just and equitable.

Dated:  May 14, 2020                              Respectfully submitted,

*/s/ Justin M. Lovdahl*
Justin M. Alaburda (0082139)
Justin M. Lovdahl (0096958)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio 44308
(330) 253-5060 / Fax:  (330) 253-1977
jmalaburda@bmdllc.com
jmlovdahl@bmdllc.com

*Counsel for Plaintiff,* Glaus, Pyle, Schomer, Burns & DeHaven, Inc., dba GPD Group, Inc.

4815-4557-4332, v. 1